**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mathews M Valliaveetil, | No. CV-25-03928-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| North Mountain Healthcare LLC, | |
| Defendant. | |

Plaintiff Mathews M. Valliaveetil filed this suit against his former employer, defendant North Mountain Healthcare LLC ("North Mountain"). Valliaveetil's complaint contains very few factual allegations, but he purports to be pursuing claims for wrongful termination, "willful manipulation of scheduled work hours based on hatred," failure to provide him continued health insurance coverage, and unpaid wages for "unprovided/cancelled work hours." (Doc. 1-1 at 7.) North Mountain seeks dismissal of all claims except the one involving health insurance coverage.

## BACKGROUND

The complaint Valliaveetil filed in state court does not contain any factual allegations, but he attached to that complaint a "Counseling/Disciplinary Notice" and a "Rebuttal." (Doc. 1-1 at 11-12.) Valliaveetil provided some additional factual background in his response to the motion to dismiss.[1] (Doc. 12 at 2.) Only the allegations in the

---

[1] Valliaveetil also filed a sur-reply. (Doc. 16.) Doing so without first obtaining leave of the court was improper, and leave would not have been granted here because the sur-reply contains no new information. If Valliaveetil files procedurally-improper pleadings in the future, the court will strike them with no further warning.

complaint are at issue for purposes of this order, but some of Valliaveetil's statements in the response are included to provide context.

In 2021, Valliaveetil began working as a nurse for the parent entity of North Mountain. (Doc. 12 at 2.) In 2024, he began working at the North Mountain location, and he received a positive employee evaluation on March 21, 2024. (Doc. 12 at 2, 6.) On March 28, 2025, Valliaveetil was fired. (Doc. 12 at 2.) According to the "Counseling/Disciplinary Notice" drafted by North Mountain, Valliaveetil ignored a patient who left the dementia locked unit and did not follow "proper infection control guidelines." (Doc. 1-1 at 12.) Valliaveetil drafted a written "Rebuttal" arguing the statements in the disciplinary notice were "absolutely untrue" and "clear lie[s]." (Doc. 1-1 at 11.)

After he was terminated, Valliaveetil sought to enroll in continued health insurance coverage but was told he was not eligible because he had been terminated for "Gross Misconduct." (Doc. 12 at 2.) Valliaveetil believes describing the reason for his termination as misconduct was an "act of willful hatred and such manipulation as cause is unacceptable." (Doc. 12 at 2.) This "mal-deliberation" forced Valliaveetil to obtain health insurance at a higher cost. (Doc. 12 at 2.)

In September 2025, Valliaveetil filed his complaint in state court. (Doc. 1-1.) That complaint did not include any factual allegations, but Valliaveetil attached the disciplinary notice and rebuttal. The only statements in the complaint—and the statements North Mountain identifies as the claims Valliaveetil is attempting to pursue—are the following:

1. "Wrongful termination from employment with falsified allegations";
2. "Willful manipulation of scheduled work hours based on hatred, causing wage loss, and sabotage of wages";
3. "Denial of COBRA Insurance coverage with falsified allegations";
4. "Unprovided/Cancelled work hours to be treated as Unpaid wages."

(Doc. 1-1 at 7.) North Mountain removed the case to federal court based on federal question jurisdiction and then filed a motion to dismiss all claims except the one alleging denial of COBRA coverage. (Doc. 11.)

- 2 -

**ANALYSIS**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Valliaveetil is representing himself, so his complaint must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But conclusory and vague allegations are not enough to state a claim for relief. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). And when liberally construing a pleading, the court "may not supply essential elements of the claim that were not initially pled." *Id.* Here, Valliaveetil has provided no factual allegations supporting most of his claims and the motion to dismiss could be granted based on this failure alone. But to guide Valliaveetil if he attempts to amend, the court will explain other flaws in his claims.

**I.     Wrongful Termination**

Arizona law "strictly limits the claims available to an employee alleging wrongful termination." *Peterson v. City of Surprise*, 418 P.3d 1020, 1025 (Ariz. Ct. App. 2018). Such a claim may be brought only when "(1) a discharge is in violation of an employment contract; (2) a discharge violates an Arizona statute; or (3) a discharge is in retaliation for the employee's assertion of certain rights protected by state law." *Guernsey v. Elko Wire Rope Inc.*, No. CV-21-00848-PHX-DJH, 2023 WL 5348567, at *2 (D. Ariz. Aug. 21, 2023). Valliaveetil does not provide factual allegations establishing any of these potential avenues apply. He does not identify an employment contract or Arizona statute violated by his termination, and he does not allege he was terminated in retaliation for asserting rights that state law protects. The wrongful termination claim is dismissed.

## II.   Wage Loss and Unpaid Wages

Valliaveetil's other two claims appear to be seeking recovery of unpaid wages. North Mountain argues these claims are an attempt by Valliaveetil to recover wages for time he did not work. (Doc. 11 at 7-8.) Valliaveetil appears to agree in acknowledging he is seeking "$16,225.20 for unprovided working hours." (Doc. 16 at 2.) Valliaveetil has not identified the legal basis by which he believes he is owed money for hours he did not work. And in general, federal and state law only mandate payment of wages for hours worked. *Cf. Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31 (2014) (federal law establishes "a minimum wage and overtime compensation for each hour worked in excess of 40 hours in each workweek"). The wage claims are dismissed.

## III.   Leave to Amend

Valliaveetil's health insurance claim is not impacted by this order and he need not file an amended complaint for that claim to proceed. But if Valliaveetil wishes to amend any of his other claims, he may do so provided he includes significantly more facts than included in his current complaint. If he chooses to amend, Valliaveetil must set forth the background facts and the claims he is attempting to pursue with enough detail that North Mountain and the court can determine "who is being sued, for what relief, and on what theory." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

**IT IS ORDERED** the Motion to Dismiss (Doc. 11) is **GRANTED WITH LEAVE TO AMEND**. No later than **May 18, 2026**, plaintiff shall file an amended complaint. If no amended complaint is filed, plaintiff's claim regarding health insurance will be the only claim that proceeds.

**IT IS FURTHER ORDERED as follows**:

The parties are directed to meet, confer, and develop a Rule 26(f) Joint Case Management Report, which must be filed **within 4 weeks of the date of this order**. It is the responsibility of plaintiff(s) to initiate the Rule 26(f) meeting and prepare the Joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Joint Case Management Report.

The Joint Case Management Report shall contain the following information in separately-numbered paragraphs.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Joint Case Management Report;

2. A list of all parties in the case, including any parent corporations or entities (for recusal purposes);

3. Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;

4. A statement of whether any party expects to add additional parties to the case or otherwise amend pleadings;

5. The names of any parties not subject to the court's personal (or *in rem*) jurisdiction;

6. A description of the basis for the court's subject matter jurisdiction, citing specific jurisdictional statutes. If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332;

7. A short statement of the nature of the case (no more than three pages), including a description of each claim, defense, and affirmative defense;

8. A listing of contemplated motions and a statement of the issues to be decided by those motions;

9. Whether the case is suitable for reassignment to a United States Magistrate Judge for all purposes or suitable for referral to a United States Magistrate Judge for a settlement conference;

10. The status of any related cases pending before this or other courts;

11. A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information ("ESI"), including the parties' preservation of ESI and the form or forms in which it will be produced;

12. A discussion of any issues relating to claims of privilege or work product;

13. A discussion of necessary discovery, which should take into account the December 1, 2015 amendments to Rule 26(b)(1) and should include:

    a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;

    c. The number of hours permitted for each deposition. The parties also should consider whether a total number of deposition hours should be set in the case, such as twenty total hours for plaintiffs and twenty total hours for defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses;

14. Proposed deadlines for each of the following events. In proposing deadlines, the parties should keep in mind the Case Management Order will contain deadlines to govern this case and once the dates have been set the court will vary them only upon a showing of good cause. A request by counsel for extension of discovery deadlines in any case that has been pending more than two years must be accompanied by a certification stating the client is aware of and approves of the requested extension. The court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension. The parties must propose the following:

    a. A deadline for the completion of fact discovery, which will also be the deadline for pretrial disclosures pursuant to Rule 26(a)(3). This deadline is the date by which all fact discovery must be *completed*. Discovery requests must be served and depositions noticed

sufficiently in advance of this date to ensure reasonable completion by the deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the court will not entertain discovery disputes after this deadline;

b. Dates for full and complete expert disclosures and rebuttal expert disclosures, if any;

c. A deadline for completion of all expert depositions;

d. A date by which any Rule 35 physical or mental examination will be noticed if such an examination is required by any issues in the case;

e. A deadline for filing dispositive motions;

f. Case-specific deadlines and dates, such as the deadline to file a motion for class certification or a date on which the parties are available for a *Markman* (patent claim construction) hearing;

g. A date by which the parties shall have engaged in face-to-face good faith settlement talks;

h. Whether a jury trial has been requested and whether the request for a jury trial is contested, setting forth the reasons if the request is contested;

i. Any other matters that will aid the court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1;

15. A statement indicating whether the parties would prefer that the court hold a case management conference before issuing a scheduling order—and, if so, an explanation of why the conference would be helpful.

/

/

/

/

**IT IS FURTHER ORDERED** the parties shall file a proposed Case Management Order containing all the proposed dates at the same time they file the Rule 26(f) Case Management Report. The proposed Case Management Order must also be emailed in Word format to Lanham_Chambers@azd.uscourts.gov.

Dated this 4th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 8 -